UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BIFFORD L. SCARBOROUGH,
Plaintiff-Appellant,

v.

No. 99-2671

AEGIS COMMUNICATIONS GROUP,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Tommy E. Miller, Magistrate Judge.
(CA-99-277-2)

Submitted: May 23, 2000

Decided: June 20, 2000

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bifford L. Scarborough, Appellant Pro Se. Thomas Michael Lucas,
Ruth Litvin, MCGUIRE, WOODS, BATTLE & BOOTHE, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bifford Scarborough appeals the district court's order granting summary judgment to Aegis Communications Group, Inc. (Aegis), in this action alleging wrongful discharge. Our de novo review of the record discloses that Scarborough offered no direct proof that he was discharged in violation of the Age Discrimination in Employment Act. Further, because Scarborough was not performing at a level meeting his employer's legitimate job expectations, Scarborough did not establish a prima facie case of discrimination under the indirect, burden-shifting proof method applicable in ADEA cases. See Mitchell v. Data Gen'l Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

To the extent that Scarborough raised a claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the record reveals that he did not exhaust his administrative remedies. Therefore, the claim properly was subject to dismissal. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000).

Scarborough additionally alleged that he was fired in retaliation for filing a claim with the Occupational Safety and Health Act (OSHA). The district court correctly determined that there is no private right of action under OSHA. See Elliott v. S.D. Warren Co., 134 F.3d 1, 4 (1st Cir. 1998). Scarborough attempted to raise a state law claim that he was fired in retaliation for filing a complaint with the Virginia Department of Labor and Industry, in violation of Va. Code Ann. § 40.1-51.2:1 (Michie 1999). However, to the extent that such a claim was properly before the district court, it lacked merit: Scarborough did not demonstrate that the legitimate business reason articulated to counter the prima facie case of retaliatory discharge was pretextual.

We find none of the claims before the court to have merit. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2